This is an original petition for writ of mandamus seeking to compel the transfer of this cause from the Bessemer Division to the Birmingham Division of the Circuit Court of Jefferson County. The petition is denied.
MetroBank sued Norman Reid and Real Coal Company in the Bessemer Division to recover on two notes. The original notes were payable "at First Western Bank, Bessemer, Alabama," the predecessor of MetroBank. The two renewal notes upon which this suit was brought were payable "at any office of said payee [MetroBank] or at such other place as Holder may designate."
Reid and Real Coal Company filed motions for relief, seeking to dismiss the claim or transfer it because they aver they are residents of the Birmingham Division and the transactions complained of did not take place in the Bessemer Division. The motions were denied by the trial court.
It is undisputed that all the notes were negotiated and executed at the Birmingham office of MetroBank, all the interest payments were made at the Birmingham office, and Reid is a resident of the Birmingham Division of Jefferson County.
All parties agree that the case of Seaboard Surety Co. v.William R. Phillips Co., 279 Ala. 510, 187 So.2d 264 (1966), controls this situation. The facts of that case are that two notes were made which were payable at the Bessemer Branch of The First National Bank of Birmingham. Oral renewals of these notes occurred in Birmingham. It was contended that because the renewals occurred in Birmingham, the suit had to be brought in the Birmingham Division rather than in the Bessemer Division.
In Seaboard, supra, this Court quoted from Ex parte Centralof Georgia Ry. Co., 243 Ala. 508, 10 So.2d 746 (1942), which recognized that the Bessemer Division[1] is given ". . . exclusive jurisdiction of civil suits based upon causes ofaction arising in the Bessemer District, and limited to causesof action arising therein." 279 Ala. at 513, 187 So.2d at 267.
This Court then held that:
 ". . . here the cause of action `arose' within the meaning of the Bessemer Division Act within the Bessemer Division. The appellee if entitled to payment at all, was entitled to payment there. The original debt was owed and payable there. The breach, if any, it seems to us occurred there, since performance was to be had there. The mere fact that the alleged contract was made in Birmingham does not seem to us to mean that a cause of action thereon could not occur elsewhere."
In the present case the issue again is whether the cause of action arose in the Bessemer Division. This Court finds that the cause of action did arise in Bessemer. Seaboard, supra, established that the proper situs for this case is where the cause of action arose, i.e., where the notes were payable and where default in payment on them occurred.
Here the renewal notes were payable "at any office of said payee or at such other place as holder may designate from time to time." Thus, since they were payable at any office, they were payable at either the Birmingham or the Bessemer branch.
In a situation like this in which notes were payable at any office of the payee, the bank has the right to elect at which office the payment was due and the default had occurred. Cf.Stansbury v. Embrey, 128 Tenn. 103, 158 S.W. 991 (1913). The bank, as holder here, was given the option to select the Bessemer office as the one in which the payments were due and in which default occurred, and thus to select Bessemer as the site where the cause of action arose.
Since the cause of action arose in Bessemer, jurisdiction in Bessemer was proper. Ex parte Central of Georgia Ry. Co., supra; *Page 298 Seaboard Surety Co. v. William R. Phillips Co., supra; Exparte Southern Building Code Congress, 282 Ala. 523,213 So.2d 365 (1968).
It is thus that we hold that the trial court properly denied the petitioner's motion to transfer the proceeding to the Birmingham Division.
The petition for writ of mandamus is hereby denied.
WRIT OF MANDAMUS DENIED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.
[1] The act creating the Bessemer Division and establishing a Circuit Court there was first enacted in 1893 by Act No. 281 (Acts of Alabama 1892-1893, p. 669). This act has since been amended several times, with the last amendment being in 1943. Local Acts, 1943, p. 105.