432 So.2d 1290 (1983)
Ex parte Jimmy D. FIELDS, Don Reid, Felix Rainey, Mildred Wright, Don Burchfield, and Oak Grove First Baptist Church, Inc.
(In re Jimmy D. FIELDS, et al. v. JEFFERSON COUNTY PLANNING AND ZONING COMMISSION, et al.)
81-991.
Supreme Court of Alabama.
June 3, 1983.
*1291 Jon B. Terry of Bains & Terry, Bessemer, for petitioners.
Norman K. Brown, John D. Clements, William F. Murray, Jr., and George R. Stuart, III of Thomas, Taliaferro, Forman, Burr & Murray, Birmingham, for respondents.
ADAMS, Justice.
This case comes to us on petition for writ of mandamus. The petitioners seek a writ requiring the Honorable Walter G. Bridges, Circuit Judge for the Tenth Judicial Circuit, Bessemer Division, to reset the petitioners' case on his docket in the Bessemer Division. The petition is denied.
On December 21, 1981, United States Steel Corporation (U.S. Steel) filed an application to rezone certain real property, owned by it and situated in Jefferson County, from the I-3 zoning classification to the I-3-S classification, with the condition that the existing underground mining rights contained in the I-3 classification be retained. The I-3-S classification allows surface mining. The application was filed and processed in the office of the Land and Zoning Administrator of Jefferson County at the Jefferson County Courthouse in Birmingham. On January 28, 1982, the Jefferson County Planning and Zoning Commission conducted a public hearing on the matter at the courthouse in Birmingham. The petitioners, residents of the Bessemer Division, or their representatives, were present and presented their objections to rezoning the property, which is situated in the Bessemer Division. Following the hearing, the Planning and Zoning Commission recommended that the rezoning request be approved by the Jefferson County Commission (the County Commission). The County Commission held a hearing on the rezoning on February 16 at the courthouse in Birmingham, at which the petitioners were again represented. On May 11, the County Commission, at its regular meeting at the courthouse in Birmingham, approved the rezoning ordinance.
On May 18, 1982, the petitioners filed a notice of appeal and complaint in the Circuit Court for Jefferson County, Bessemer Division, naming as defendants the Jefferson County Planning and Zoning Commission, County Commissioners Chriss Doss and Ben Erdreich, U.S. Steel, and several fictitious parties.[1] In their complaint, the petitioners alleged the above recounted facts and asked the trial court to declare "that said acts are invalid and/or that the ... defendants are estopped by their own actions or the acts of others with whom they are in privity as said acts are clearly arbitrary and unreasonable." They also alleged that they were denied procedural due process and an opportunity to be heard. As *1292 relief they asked that the acts of the Jefferson County Planning and Zoning Commission be set aside and that the acts of the other defendants be declared improper and/or barred by estoppel. They also asked the court to enjoin the named defendants from further acts concerning the rezoning of the property and to enjoin the operation of surface strip mining on it.
U.S. Steel moved to dismiss the action or, alternatively, to transfer it from the Bessemer Division to the Birmingham Division, stating that all acts concerning the rezoning took place at the Jefferson County Courthouse in Birmingham, and that the cause of action did not arise within the territorial jurisdiction of the Bessemer Division. Included with the motion was an affidavit of O.C. Moon, Land and Zoning Administrator of Jefferson County, setting out the details of the acts involved in rezoning the property. The petitioners responded with a motion to dismiss or strike the motion to transfer, stating that the "gist" of the action was estoppel, fraud and breach of contract committed by U.S. Steel, and that the acts giving rise to the action were "certain conversations and meetings" between U.S. Steel and the petitioners. Additionally, they claimed that the law requires that the County Commission meet and hold hearings concerning the property in the Bessemer Division; that the petitioners' attorney requested that the hearings be held in the Bessemer Division; and that to allow the defendants to benefit "from their refusal to obey the law ... is to avoid justice ...." An affidavit of the petitioners' attorney was filed in support of the motion. On July 12, 1982, the court heard arguments of counsel on the motions, and on July 19, the court ordered that the action be transferred to the Birmingham Division and that all papers in the action be transmitted to the Circuit Court for Jefferson County in Birmingham. On July 22, 1982, after the action was transferred to the Birmingham Division, the petitioners filed, in the Bessemer Division, a motion to reconsider the order of transfer. At the same time they filed a motion to amend their complaint. The trial court overruled the motion for reconsideration and transferred the motion to amend the complaint to the Circuit Court for the Birmingham Division, where the action was then pending. The petitioners then filed in this court their petition for writ of mandamus.
This court has determined that the distinction between the Bessemer Division of the Circuit Court for the Tenth Judicial District of Alabama and the Birmingham Division of that court is one of jurisdiction. See, e.g., United Supply Company v. Hinton Construction and Development, Inc., 396 So.2d 1047 (Ala.1981); MetroBank v. Real Coal Co., Inc., 374 So.2d 296 (Ala.1979). In MetroBank, this court, citing Seaboard Surety Co. v. William R. Phillips & Co., 279 Ala. 510, 187 So.2d 264 (1966), noted that the Bessemer Division is given exclusive jurisdiction of civil suits based upon causes of action arising in the Bessemer Division and limited to causes of action arising therein. MetroBank, supra, 374 So.2d at 297. Thus, the question before us becomes: Where did the cause of action arise?
In Seaboard Surety Co., supra, this court applied the general principles regarding the place where a cause of action arises as expressed in 92 C.J.S. Venue § 80, in determining the jurisdiction of the Bessemer Division. This court said:
At 92 C.J.S. Venue § 80, p. 776, speaking of statutes fixing venue as the county "where the cause of action arises" it is noted:
"A cause of action, within the meaning of statutes fixing the venue as the county where the cause of action arises has been said to consist of a duty on the part of one toward another and the violation or breach of that duty, or of plaintiff's primary right and the act or omission of defendant. * * * It arises when that is not done which should have been done, or that is done which should not have been done. * * * the cause of action accrues in the county in which defendant's wrongful act was done."

*1293 Relating these general principles to the case at hand, it seems reasonable to us... that ... the cause of action "arose" within the meaning of the Bessemer Division Act within the Bessemer Division.
279 Ala. at 513, 187 So.2d at 267. These general principles control in the case before us. Applying these principles, we opine that the alleged wrong for which the petitioners seek redress occurred in the Birmingham Division, and, thus, the cause of action arose there. If, as alleged in the motion pleadings, U.S. Steel made promises which would "estop" it from having the property rezoned, then the act of applying for rezoning was the "wrong" complained of. All the acts pertaining to the rezoning, from the filing of the application therefor to the approval of the ordinance rezoning the property, occurred in Birmingham. If, as alleged in the complaint, the rezoning was arbitrary and unreasonable, denying them due process, this "wrong" was also committed in Birmingham. The remedy sought, declaratory and injunctive relief, related to the rezoning. Any claim that the County Commission is estopped from rezoning the property based on promises or representations made by either that commission or U.S. Steel contradicts the rule that the doctrine of equitable estoppel does not generally apply to the State or its political subdivisions. Marsh v. Birmingham Board of Education, 349 So.2d 34 (Ala.1977). Neither the State nor its political subdivisions may bind themselves by agreement to exercise their legislative discretion in a predetermined fashion and they cannot be estopped by doing that which they have no authority to do. See City of Leeds v. Town of Moody, 294 Ala. 496, 319 So.2d 242 (1975).
In their reply to the respondent's brief, the petitioners argue that "the planting of the first shovel into the ground on the subject property" (the initial act of strip mining) was the "wrong" which gave rise to the cause of action. However, there is nothing in the pleadings or elsewhere in the record to indicate that any acts of strip mining have yet taken place on the subject property, and respondents insist that they have not.
The petitioners further submit that the statute creating the branch office system in Bessemer requires the County Commission to hold zoning hearings at the Bessemer Courthouse, or, at least, to appoint a deputy Land and Zoning Administrator to receive and file zoning applications in Bessemer. Code 1940 (recomp.1958), T. 12, §§ 160-168. They add that the statutory requirements "estop" the defendants from claiming that the jurisdiction over this action lies in the Birmingham Division. The requirements of the statute are not properly before this court at this time. Whatever the statute may require, if the acts constituting the "wrong" in this case occurred within the Birmingham Division, the Bessemer Division of the Circuit Court does not have jurisdiction over it.
Finally, the petitioners argue that their amended complaint states causes of action clearly arising in the Bessemer Division. As the petitioners' motion to amend was filed after the action was transferred to the Birmingham Division, the lower court no longer had jurisdiction to consider it, and properly transferred it to the Birmingham Division for consideration. See Ex parte City Bank & Trust Co., 200 Ala. 440, 76 So. 372 (1917). Thus, the amended complaint is not considered for purposes of this opinion.
For all of the above reasons, the writ is due to be, and hereby is, denied.
WRIT DENIED.
TORBERT, C.J., and FAULKNER, SHORES, EMBRY and BEATTY, JJ., concur.
JONES and ALMON, JJ., dissent.
MADDOX, J., recused.
JONES, Justice (dissenting).
I respectfully dissent. How can the situs of the County Planning and Zoning Commission hearing establish jurisdiction as between the Birmingham and Bessemer Divisions of Jefferson County? The pertinent question is: What is the subject matter of the litigation? In my opinion, the answer *1294 the zoning of real property located exclusively within the Bessemer cut-offis determinative of the jurisdiction under the local act creating a Bessemer Division. The cause of action arose where the land is situated and not in the hearing room of the Planning and Zoning Commission. See my dissent in Mead Corporation v. City of Birmingham, 295 Ala. 14, 321 So.2d 655 (1975).
ALMON, J., concurs.
NOTES
[1] The complaint states that the plaintiffs are appealing a final judgment or decision of the Jefferson County Planning and Zoning Commission. However, the allegations refer to the May 4 decision of the County Commission. The lower court and all the parties have treated the action as an appeal from the County Commission decision, and we do the same.