473 So.2d 500 (1985)
Ex parte BIRMINGHAM SOUTHERN RAILROAD COMPANY.
(Re: Carey BOSTON, Jr. v. BIRMINGHAM SOUTHERN RAILROAD COMPANY).
84-7.
Supreme Court of Alabama.
June 14, 1985.
*501 William C. Knight, Jr. and Maura R. Goodwyn of Thomas, Taliaferro, Forman, Burr & Murray, Birmingham, for petitioner.
Michael A. Florie and F. Tucker Burge of Burge, Florie, Powell & Wettermark, Birmingham, for respondent.
EMBRY, Justice.
This petition for writ of mandamus seeks to require the transfer of Carey Boston, Jr's, Federal Employers' Liability Act, 45 U.S.C. § 51, et seq. (FELA), action against Birmingham Southern Railroad Company to the Bessemer Division of the Tenth Judicial Circuit. The writ will be granted conditionally.
Boston suffered the injuries, on account of which he seeks damages from the railroad, in the Bessemer Cut-Off of Jefferson County. As noted by Presiding Judge Bryan of the Birmingham Division of the Tenth Judicial Circuit, the motion to transfer presents the vexing problem of venue vis-a-vis jurisdiction in this case. The decisions of this court have not dealt with this problem within the precise context in which it is now presented, as far as the author of this opinion can determine.
Boston contends that jurisdiction is governed by the FELA itself and the question is one solely of venue. Because of the act of the legislature creating the Bessemer Division (Act. No. 281, Acts of Alabama, 1892-1893, with the last amendment being in 1943, Local Acts 1943, p. 105), we cannot agree. That act gives exclusive jurisdiction to the Bessemer Division of civil suits arising in the Bessemer Division and is limited to causes of action arising therein. It is axiomatic that a personal injury action arises where the injury occurs and therefore this action is only maintainable in the Bessemer Division. See Metro Bank v. Real Coal Co., 374 So.2d 296 (Ala.1979); also see Hopmann v. Southern Pacific Transportation Co., 581 S.W.2d 532 (Texas Civ.App.), cert. denied, 444 U.S. 870, 100 S.Ct. 146, 62 L.Ed.2d 94 (1979).
The United States Supreme Court has held on numerous occasions that Congress, in enacting the FELA, made no attempt to enlarge or regulate the jurisdiction of state courts, or to control or affect their modes of procedure. See Mondou v. New York, New Haven & Hartford Railroad Co., 223 U.S. 1, 56, 57, 32 S.Ct. 169, 177, 178, 56 L.Ed. 327 (1912).
Accordingly, the trial court should order this case transferred to the Bessemer Division of the Circuit Court of Jefferson County. In the event that court fails to do so, then, upon application of petitioner this court will issue the writ of mandamus to compel such action.
WRIT OF MANDAMUS GRANTED CONDITIONALLY.
FAULKNER, ALMON and BEATTY, JJ., concur.
TORBERT, C.J., and MADDOX, JONES, SHORES and ADAMS, JJ., concur specially.
*502 SHORES, Justice (concurring specially):
I write specially to express my views with regard to the holding here as it relates to the expressions of the entire Court in Glenn v. Wilson, 455 So.2d 2 (Ala.1984). I believe the cases are consistent if one understands the context in which Justice Embry's opinion uses the expression "jurisdiction."
The use of the word "jurisdiction" in that opinion should not be construed to mean that Local Act No. 213 ousted the Birmingham Division of the Jefferson Circuit Court of its power to adjudicate civil actions arising in the Bessemer Cutoff. It simply means that if the civil action did arise there and suit is brought in the Birmingham Division, and that fact is timely raised by the defendant, the court must transfer the action to the Bessemer Division under § 12-11-11, Ala.Code 1975.
I agree that the cause should be transferred, because Local Act No. 213, Acts of Alabama 1919, amended 1943, Local Acts 1943, p. 105, requires that all actions arising in the Cutoff must be brought there; and, if such an action is filed in Birmingham, it must be transferred as provided by § 12-11-11, Code (unless the defendant waives its right of transfer). That section reads as follows:
"Whenever it shall appear to the court that any case filed therein should have been brought in another court in the same county, the court shall make an order transferring the case to the proper court...."
Glenn v. Wilson, 455 So.2d 2 (Ala.1984).
I further agree that the fact that this is an FELA case is of no consequence. Section 12-11-11 is applicable here, as in any other civil action, and it requires the transfer to the court where it "should have been brought."
I acknowledge that an FELA case, whenever it arises, may be brought in any county where venue is appropriate and that the defendant cannot compel transfer to the county in which the cause of action arose. This is so because there is no corresponding legislation giving (as does Local Act No. 213) the defendant the right to transfer to the county wherein the cause of action arose.
For these reasons, I agree that the case should be transferred to the Bessemer Division.
TORBERT, C.J., and MADDOX, JONES and ADAMS, JJ., concur.