PER CURIAM.
This petition seeks to compel the transfer of a wrongful garnishment action from the Bessemer Division to the Birmingham Division of the Jefferson County Circuit Court. The petition is denied.
James and Leslie Rogers are customers of AmSouth Bank, having opened checking and savings accounts at the Hueytown branch and having conducted all transactions with this branch. The Hueytown branch is located within the Bessemer Division of the Tenth Judicial Circuit (Jefferson County).
In January 1985, World Omni Financial Corporation obtained a $2,076.51 judgment against the Rogerses’ son in the Birmingham Division of the Jefferson County Circuit Court. On July 24, 1985, World Omni *237 filed a garnishment action in the Birmingham Division and served process on the garnishee, AmSouth Bank, at its operations center, which keeps all customer accounting records. The operations center prepared and mailed a letter to the son, informing him of the action. The operations center is located within Birmingham.
Shortly thereafter, the Rogerses wrote checks to two Hueytown businesses on their AmSouth account. The checks were returned for lack of sufficient funds.
The Rogerses then commenced this action in the Bessemer Division on August 9, 1985, against World Omni and AmSouth, alleging wrongful garnishment, conversion, conspiracy, and invasion of privacy. World Omni sought to transfer the action to the Birmingham Division of the Tenth Judicial Circuit, but the trial court denied the request. World Omni petitioned this Court for permission to appeal from the interlocutory order. We have treated the petition as one for a writ of mandamus, which is the appropriate method for review of the trial court’s action, and we have styled this case accordingly. See Medical Service Administration v. Dickerson, 362 So.2d 906 (Ala.1978).
Venue in this case is controlled by the local act creating the Bessemer Division. Local Act No. 213, Acts of Alabama 1919, amended 1943, Local Acts 1943, p. 105. The Act essentially established a circuit court in the Bessemer Division, in which all actions arising there must be brought. Glenn v. Wilson, 455 So.2d 2 (Ala.1984); Ex parte Central of Georgia Ry. Co., 243 Ala. 508, 10 So.2d 746 (1942); see also Ex parte Birmingham Southern Railroad Co., 473 So.2d 500, 502 (Ala.1985) (Shores, J., concurring specially). Specifically, in the context of branch banking, venue of a tort claim based upon improper actions regarding a bank account is proper in the division where the account was originally opened and where all customer transactions were conducted; that is generally where the alleged tort will have occurred. Staik v. Jefferson Federal Savings & Loan Ass’n, 434 So.2d 763 (Ala.1983).
The question here of whether the action arose in the Bessemer or the Birmingham Division is controlled by Staik. The Rog-erses opened their accounts at the Huey-town branch, in the Bessemer Division, and they conducted all their transactions there. The allegedly tortious event in this case— the manipulation of account records to effectuate the actual garnishment — may have originated at the operations center in Birmingham, but it was simultaneously effective at the Hueytown branch. Under these circumstances, we cannot say that the alleged tort did not occur in the Bessemer Division. Because the facts found significant in Staik are present in this case, we conclude that the Bessemer Division is the proper venue. The trial court ruled correctly in denying the request to transfer the action.
WRIT DENIED.
TORBERT, C.J., and JONES, SHORES, BEATTY and ADAMS, JJ., concur.