893 So.2d 1111 (2004)
Ex parte STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Jamie Denise Corley.
(In re Carl R. Robinson and Teresa Ann Robinson
v.
State Farm Mutual Automobile Insurance Company and Jamie Denise Corley).
1021378.
Supreme Court of Alabama.
June 4, 2004.
*1112 Mark D. Hess of London & Yancey, L.L.C., Birmingham, for petitioner State Farm Mutual Insurance Company.
William J. Donald III of Donald, Randall & Donald, Tuscaloosa, for petitioner Jamie Denise Corley.
Samuel Maples, Birmingham, for respondents.

On Application for Rehearing
BROWN, Justice.
State Farm Mutual Automobile Insurance Company ("State Farm") and Jamie Denise Corley petition for a writ of mandamus directing the Jefferson Circuit Court, Bessemer Division, to vacate its order denying State Farm's and Corley's motions to transfer the action to the Bibb Circuit Court. We grant the petition and issue the writ.

Facts and Procedural History
On December 18, 2000, Carl R. Robinson and his wife, Teresa Ann Robinson, residents of Bibb County, were involved in an automobile accident with Corley, also a resident of Bibb County. On August 20, 2002, the Robinsons sued Corley in the Bessemer Division of the Jefferson Circuit Court, alleging that Corley's negligence and/or wantonness caused the accident and seeking damages. The complaint recites that the accident occurred in Bibb County. The complaint named State Farm, the Robinsons' insurer, as a defendant and sought uninsured-/ underinsured-motorist insurance benefits. The Robinsons purchased their policy from State Farm in Bessemer.[1]
On September 19, 2002, State Farm filed a motion to transfer the action to the Bibb Circuit Court, arguing that venue was improper in the Bessemer Division of the Jefferson Circuit Court. Corley filed a similar motion on September 26, 2002. On October 2, 2002, the Robinsons filed an opposition to the motions to transfer, arguing that venue was proper in the Bessemer *1113 Division of the Jefferson Circuit Court and that the accident actually occurred in Tuscaloosa County, not Bibb County.
On November 15, 2002, the trial court entered an order granting the motions to transfer and directing the court clerk to transfer the action to the Bibb Circuit Court. In a letter dated November 18, 2002, the Robinsons' counsel requested the trial court to reconsider its order transferring the case. On December 6, 2002, the trial court entered an order setting aside its November 15 order and denying the motions to transfer.
State Farm and Corley petitioned this Court for a writ of mandamus directing the trial court to vacate its order setting aside its earlier order and denying the motions to transfer. This Court denied State Farm and Corley's mandamus petition on June 18, 2003, without an opinion. State Farm and Corley then filed an application for rehearing, which this Court granted on September 25, 2003, ordering answer and briefs. We now grant the petition and issue the writ.

Standard of Review
"`The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus.' Ex parte Alabama Great Southern R.R., 788 So.2d 886, 888 (Ala.2000). `Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995). Moreover, our review is limited to those facts that were before the trial court. Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala.1998)."
Ex parte Pike Fabrication, Inc., 859 So.2d 1089, 1091 (Ala.2002).

Discussion

I.
As an initial matter, the timeliness of State Farm and Corley's petition for the writ of mandamus requires brief discussion. Rule 21(a), Ala. R.App. P., provides that the presumptively reasonable time for filing a petition for a writ of mandamus shall be the same time as that for taking an appeal, which, in a civil case, is usually 42 days. See Rule 4(a), Ala. R.App. P. However, under Rule 21(a), if a mandamus petition is filed outside the presumptively reasonable time for filing an appeal, the petition "shall include a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time." Rule 21(a), Ala. R.App. P.
In their petition, State Farm and Corley include a statement explaining the complex procedural history of the trial court's consideration of the motions for a change of venue, and include supporting exhibits from the record substantiating their explanation. The Robinsons do not challenge the timeliness of the petition, and they do not argue that the petitioners have failed to show "good cause" under Rule 21(a). There being no objection to the timeliness of the petition, and the language of Rule 21(a) clearly contemplating the acceptance of a petition filed outside the "presumptively reasonable time," this Court will consider the petition.

II.
State Farm and Corley argue that venue in the Bessemer Division of the Jefferson Circuit Court is improper, and *1114 that the case is due to be transferred to Bibb County. In Ex parte Walter Industries, Inc., 879 So.2d 547 (Ala.2003), this Court noted that venue in the Bessemer Division of the Jefferson Circuit Court has, historically, been limited:
"It is clear that, in creating the Bessemer Division, the Legislature specifically limited the powers of that division. This Court's first decision on the issue, Trieste & Co. [v. Enslen, 106 Ala. 180, 17 So. 356 (1895)], recognized this limitation and held that the Jefferson Circuit Court, sitting in the Bessemer Division, could hear only cases `arising' in the territorial boundaries of the division. While at times this limitation has been described as jurisdictional, this Court has recognized since Glenn v. Wilson, [455 So.2d 2 (Ala.1984),] that the limitation in the Act is one of venue. In sum, the voluminous caselaw on this issue clearly holds that venue for an action filed in Jefferson County is proper in the Bessemer Division only if the cause of action `arose' in that division."
Ex parte Walter Indus., 879 So.2d at 552.
State Farm and Corley argue that this cause of action did not "arise" in the Bessemer Division of the Jefferson Circuit Court; therefore, they argue, venue in the Bessemer Division is improper. We agree.
In determining whether an action arises in the Bessemer Division of the Jefferson Circuit Court, this Court has stated:
"In Ex parte Fields, this Court discussed where a cause of action `arises' within the context of the [act creating the Bessemer Division]. In that case, the Jefferson County Planning and Zoning Commission had rezoned a parcel of property lying in the Bessemer Division. Certain residents of the Bessemer Division challenged the rezoning ordinance in that court. The defendant, U.S. Steel, filed a motion to transfer the action to the Birmingham Division, arguing that the action did not `arise' in the Bessemer Division. In determining where the action arose, the Court stated:
"`In Seaboard Surety Co. [v. William R. Phillips & Co., 279 Ala. 510, 187 So.2d 264 (1966)], this court applied the general principles regarding the place where a cause of action arises as expressed in 92 C.J.S. Venue § 80, in determining the jurisdiction of the Bessemer Division. This court said:
"`"At 92 C.J.S. Venue § 80, p. 776, speaking of statutes fixing venue as the county `where the cause of action arises' it is noted:
"`"`A cause of action, within the meaning of statutes fixing the venue as the county where the cause of action arises has been said to consist of a duty on the part of one toward another and the violation or breach of that duty, or of plaintiff's primary right and the act or omission of defendant.... It arises when that is not done which should have been done, or that is done which should not have been done.... [T]he cause of action accrues in the county in which defendant's wrongful act was done.'
"`"Relating these general principles to the case at hand, it seems reasonable to us ... that ... the cause of action `arose' within the meaning of the Bessemer Division Act within the Bessemer Division."
"`279 Ala. at 513, 187 So.2d at 267. These general principles control in the case before us. Applying these principles, we opine that the alleged wrong for which the petitioners seek redress occurred in the Birmingham Division, and, thus, the cause of action arose there.'"
*1115 Ex parte Walter Indus., 879 So.2d at 551 (quoting Ex parte Fields, 432 So.2d 1290, 1292-93 (Ala.1983)).
The Robinsons argue that their claim against State Farm is a breach-of-contract action. They maintain that because a breach of contract occurs in the place of performance, their action arises in Bessemer, where they purchased their policy. State Farm and Corley, on the other hand, maintain that the Robinsons are not pursuing a breach-of-contract action; instead, they say, the Robinsons' complaint simply states a claim for uninsured-/underinsured-motorist benefits, which is an action distinct from a breach-of-contract action.
Under Alabama law, a plaintiff may join as a defendant his uninsured-/underinsured-motorist carrier in an action against another motorist. Ex parte Boles, 720 So.2d 911, 914-15 (Ala.1998). The plaintiff is not required to first obtain a judgment against the uninsured/underinsured motorist. State Farm Fire & Cas. Co. v. Lambert, 291 Ala. 645, 649, 285 So.2d 917, 919 (1973). Alabama's uninsured-motorist statute, Ala.Code 1975, § 32-7-23, provides protection for "persons ... who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom." Ala.Code 1975, § 32-7-23(a); see also Walker v. GuideOne Specialty Mut. Ins. Co., 834 So.2d 769, 772 (Ala.2002). For the Robinsons to demonstrate that they are "legally entitled to recover" damages under their policy, they "`must be able to establish fault on the part of the uninsured motorist, which gives rise to damages and must be able to prove the extent of those damages.'" LeFevre v. Westberry, 590 So.2d 154, 157 (Ala.1991) (quoting Quick v. State Farm Mut. Auto. Ins. Co., 429 So.2d 1033, 1035 (Ala.1983)). There can be no breach of an insurance contract providing uninsured-motorist coverage until the insureds prove that they are legally entitled to recover. LeFevre, 590 So.2d at 158. Thus, the Robinsons must demonstrate that they are "legally entitled to recover" damages from Corley stemming from the accident before they can recover under the policy.
Because, in order to recover benefits from State Farm, the Robinsons must prove that they are "legally entitled to recover" damages stemming from the accident, it is our opinion that the "omission" or "wrongful act" underlying this action occurred at the place of the accident. Thus, this action arose where the accident occurred, which is not in the Bessemer Division of the Jefferson Circuit Court. See Ex parte Birmingham Southern R.R., 473 So.2d 500, 501 (Ala.1985) (determining that a personal-injury action arose in the Bessemer Division because "a personal injury action arises where the injury occurs"); Winn-Dixie Montgomery, Inc. v. Bryant, 421 So.2d 1254, 1256 (Ala.1982) (examining where "the events giving rise to this cause of action occurred" in determining whether an action arose in the Bessemer Division); Mead Corp. v. City of Birmingham, 295 Ala. 14, 15, 321 So.2d 655, 656 (1975) (holding that because "all of the facts giving rise to the suit occurred" outside of the Bessemer Division, the action did not arise there). See also Kenilworth Ins. Co. v. McDougal, 20 Ill.App.3d 615, 313 N.E.2d 673 (1974) (holding that proper venue under a statute calling for actions to be filed where the "transaction" occurred required an action for uninsured-motorist benefits to be filed where the underlying accident took place). However, the parties disagree as to whether the accident occurred in Bibb County or in Tuscaloosa County.
"When a plaintiff commences an action in an improper forum, the defendant *1116 may move for a transfer to a proper forum." Ex parte Walter Indus., 879 So.2d at 553. It is undisputed that Bibb County is a proper venue, even if the accident did not occur there, because it is the county of Corley's residence. See Ala.Code 1975, § 6-3-2(a)(3)("All other personal actions, if the defendant ... has within the state a permanent residence, may be commenced in the county of such residence.").[2] State Farm and Corley have demonstrated that the Bessemer Division of the Jefferson Circuit Court is an improper venue; therefore, they are entitled to a transfer of this case to the Bibb Circuit Court. Ala.Code 1975, § 6-3-21. Because State Farm and Corley have demonstrated a clear legal right to the relief sought, the petition is granted.
PETITION GRANTED; WRIT ISSUED.
HOUSTON, SEE, LYONS, HARWOOD, and STUART, JJ., concur.
JOHNSTONE and WOODALL, JJ., dissent.
WOODALL, Justice (dissenting).
The petition for a writ of mandamus seeks review of the order entered by the trial court on December 6, 2002, denying the motions to transfer filed by State Farm and Corley. State Farm and Corley filed their petition on May 27, 2003. In my opinion, they did not comply with the mandate of Ala. R.App. P. 21(a) that "[t]he petition shall be filed within a reasonable time." Therefore, I would deny the petition as untimely. For this reason, I respectfully dissent.
NOTES
[1] State Farm's "principal office" in Alabama is located within the territorial boundary of the Birmingham Division of the Jefferson Circuit Court. No party moved the trial court to transfer this case to that division.
[2] Because the Bibb Circuit Court is a proper venue for the Robinsons' claims against Corley, it is also a proper venue for their claims against State Farm under the doctrine of "pendent venue," i.e., "`the rule that venue being good for one, is good for all.'" Ex parte MedPartners, Inc., 820 So.2d 815, 820 (Ala.2001) (quoting Ex parte Children's Hospital of Alabama, 721 So.2d 184, 192 (Ala.1998) (Lyons, J., concurring in the result)); see also Rule 82(c), Ala. R. Civ. P.