PER CURIAM.
Hanna Steel Corporation; Allied Signal, Inc.; Bailey PVS Oxides; Certainteed Corporation; Fritz Enterprises, Inc.; Honeywell International, Inc.; United States Steel Corporation; Vulcan Materials Company; and W.J. Bullock, Inc. (hereinafter referred to as “the businesses”), defendants in an environmental-trespass action filed in the Bessemer Division of the Jefferson Circuit Court, peti *807 tion for a writ of mandamus challenging the trial court’s order denying their motion for a change of venue. The petition asserts that venue in the Bessemer Division of the Jefferson Circuit Court is improper. We grant the petition and issue the writ.

I. Factual Background and Procedural History

Several residents of the community of Wylam filed an environmental-trespass action in the Bessemer Division of the Jefferson Circuit Court. In their complaint, the residents state that their residences are located in the Birmingham Division of Jefferson County and allege that the businesses “discharged particulates or gases into the atmosphere,” which, they say, “traveled through the atmosphere and onto the [residents’] person and/or the [residents’] property.” The complaint also states that some of the businesses conduct their business activities in the Bessemer Division of Jefferson County.
The businesses filed motions alleging improper venue in the Bessemer Division of the Jefferson Circuit Court and requesting that the trial court transfer the case to the Birmingham Division of the Jefferson Circuit Court. They argued that all of the residents’ claims arose from wrongful acts the residents allege occurred to Or on their property, which is located in the Birmingham Division. The residents responded, arguing that venue is proper in the Bessemer Division because three of the businesses have plants located on property that is in the Bessemer Division and one business’s principal place of business is in the Bessemer Division. They further argued that because the alleged wrongful acts of three of the businesses occurred in the Bessemer Division, venue is proper there. The trial court denied the motions in an order stating, in pertinent part:
“This Court is well aware of the Supreme Court of Alabama’s construction of 1919 Ala. Acts No. 213, as amended (hereinafter the Bessemer Act), recently re-affirmed in Ex parte Walter Indus. Inc., [879 So.2d 547 (Ala.2003)]. However, ‘legislative enactments are the primary guideposts for the venue of actions.’ Ex parte Lamb, 400 So.2d 386, 387 (Ala.1981). This Court believes that the established interpretation of the Bessemer Act stands in direct conflict with Ala.Code § 6-3-7(d) and that the Alabama Legislature intended for that subsection to abrogate the Bessemer Act so far as it governed the venue of this Court.
“ ‘Notwithstanding Section 6-3-10, or any local laws relating to venue, in any county having two courthouses, the divisions shall be treated as two separate judicial districts for purposes of venue and for purposes of any change or transfer of venue, unless the jury venire is drawn from throughout the entire county.’
“Ala.Code § 6-3-7(d). The legislature was clearly aware that [it was] changing the existing law and with the phrase ‘Notwithstanding Section 6-3-10, or any local laws relating to venue,’ the legislature announced its intention for this subdivision to supersede the Bessemer Act and § 6-3-10 in as much as they conflicted.
“This Court finds that the purpose behind the enactment of AIa.Code § 6-3-7(d) was to clear up the confusion over the venue of actions in counties such as Jefferson, Barbour and Coffee where the jury venires are drawn exclusively from within the divisions. This is consistent with the overall purpose behind the entire 1999 revisions to the Ala.Code § 6-3-7, and it is consistent with the inclusion of the newly created subsection ‘d’ with the new general venue statute. This Court believes that the only reason *808 able interpretation of Ala.Code § 6-3-7(d) is that it operates to apply the general venue statute for corporations (Ala.Code § 6-3-7) to the divisions of Jefferson, Barbour and Coffee counties as if those divisions were actually separate counties.
“This Court is aware that Ex parte Walter Indus., Inc. was decided after the enactment of Ala.Code § 6-3-7(d), and this Court is aware that the main opinion applied the Bessemer Act and not Ala.Code § 6-3-7(d) in its discussion of venue in this Court. This may be seen by some as a tacit rejection of this Court’s interpretation of Ala.Code § 6-3 — 7(d); however, the clear expression of the Legislature dictates this Court’s finding.
“Pursuant to Ala.Code § 6-3-7(a)(2) venue is proper in the Bessemer Division as to all claims against United States Steel Corporation and/or Hanna Steel Corporation because those Corporations have their principal place of business in Alabama located in the Bessemer Division of Jefferson County. Venue as to all other defendants is proper pursuant to Rule 82(c) of the Alabama Rules of Civil Procedure.”
In their mandamus petition, the businesses argue that the trial court improperly refused to transfer the action from the Bessemer Division to the Birmingham Division, and they ask this Court to direct the trial court to transfer the case to the Birmingham Division.

II. Standard of Review

In Ex parte Walter Industries, Inc., 879 So.2d 547 (Ala.2003), we addressed the standard of review of a ruling on a venue matter:
“ ‘The question of proper venue for an action is determined at the commencement of the action.’ Ex parte Pratt, 815 So.2d 532, 534 (Ala.2001). ‘If venue is not proper at the commencement of an action, then, upon motion of the defendant, the action must be transferred to a court where venue would be proper.’ Ex parte Overstreet, 748 So.2d 194, 196 (Ala.1999). ‘A petition for a writ of mandamus is the appropriate means for challenging a trial court’s refusal to transfer an action and such a petition is due to be granted if the petitioner makes a clear showing of error on the part of the trial court.’ Ex parte Alabama Power Co., 640 So.2d 921, 922 (Ala.1994). ‘In considering a mandamus petition, we must look at only those facts before the trial court.’ Ex parte American Res. Ins. Co., 663 So.2d 932, 936 (Ala.1995).”
879 So.2d at 548-49.

III. Analysis

In Walter Industries, this Court reviewed the venue status of actions in the Bessemer Division of the Jefferson Circuit Court. We there reiterated the rule expressed in Ex parte Central of Georgia Ry., 243 Ala. 508, 10 So.2d 746 (1942), that the jurisdiction granted to the Bessemer Division is limited to those cases arising in that division. See also Ex parte DaimlerChrysler Corp., 899 So.2d 928 (Ala.2004); and Ex parte State Farm Mut. Auto. Ins. Co., 893 So.2d 1111 (Ala.2004).
The residents do not dispute that their claims did not arise in the Bessemer Division. Instead, they argue extensively that § 6-3-7(d), Ala.Code 1975, abrogated Act No. 213, Ala. Acts 1919, as amended (hereinafter referred to as “the Bessemer Act”), and that the Bessemer Act, as construed by this Court in Walter Industries, has no application to the issue of venue in this case. Although Walter Industries dealt with whether venue in the Bessemer Division pursuant to the Bessemer Act is proper in a case where the cause of action *809 arose outside Jefferson County, the cause of action here arose within Jefferson County. The residents ask us to treat the subsequent enactment of § 6 — 3—7(d) as the basis for rejecting the construction placed on the Bessemer Act in Central of Georgia Railway, restricting venue in the Bessemer Division to causes of action arising within that division. In order to reach such a result, we would have to overrule our recent decision in Walter Industries, decided after the enactment of § 6-3-7(d) and citing with approval the construction of the Bessemer Act in Central of Georgia Railway. However, despite their extensive criticism of Walter Industries, the residents never ask us to overrule Walter Industries or Central of Georgia Railway.
Therefore, on the authority of Walter Industries and Central of Georgia Railway, we conclude that the trial court erred when it denied the businesses’ motions to change venue to the Birmingham Division of the Jefferson Circuit Court.

IV. Conclusion

For the reasons previously stated, we grant the petition for a writ of mandamus and order the trial court to transfer this action to the Birmingham Division of the Jefferson Circuit Court.
PETITION GRANTED; WRIT ISSUED.
NABERS, C.J., and WOODALL, J., concur.
HOUSTON, J., concurs in the rationale in part and concurs in the result.
LYONS and JOHNSTONE, JJ., concur in the result.