SHAW, Justice
(dissenting).
Because I am unable to distinguish the facts of the present case from this Court’s controlling decisions in Ex parte Safeway Insurance Co. of Alabama, 990 So.2d 344 (Ala.2008), and Pontius v. State Farm Mutual Automobile Insurance Co., 915 So.2d 557 (Ala.2005), and because no party to the present appeal requests that we overrule either decision,[5]1 respectfully dissent from the main opinion’s conclusion that mandamus relief is not warranted.
Here, as in both Safeway and Pontius, Safeway has presented unrefuted evidence establishing that both damages and liability are in dispute.[6] Thus, in accordance with both of those decisions, Kimbrough’s bad-faith claim is, as a matter of law, not ripe. Safeway, 990 So.2d at 352.[7] As we explained in Safeway, which, as Safeway argues, appears procedurally identical:[8]
“Safeway has established a clear legal right to a dismissal without prejudice of Galvin’s bad-faith claim because that claim is not ripe for adjudication, and, consequently, the trial court lacks subject-matter jurisdiction. ‘[TJhere can be no bad-faith action based on conduct arising before the uninsured motorist’s liability is established and damages are fixed; therefore, “there can be no action based on the tort of bad faith based on conduct arising prior to that time, only for subsequent bad faith conduct.” ’ Pontius, 915 So.2d at 565 (quoting LeFevre [v. Westberry, 590 So.2d 154] at 159 [ (Ala.1991) ]).”
Id. at 352-53 (emphasis added; footnote omitted).
In light of the foregoing, this Court’s prior decisions in Pontius and Safeway both appear directly on point and to mandate this Court’s granting the requested relief. I would, therefore, grant Safeway’s *45 petition and direct the trial court to dismiss Kimbrough’s bad-faith count without prejudice.
BOLIN, J., concurs.

. In fact, Kimbrough’s brief fails to even mention Pontius, instead arguing only that, because his submitted medical expenses exceed the available uninsured-motorist coverage, his case is distinguishable from Safeway in that it is allegedly unnecessary to resolve the dispute regarding the amount of damages because, according to Kimbrough, he has already established his entitlement to an amount in excess of his uninsured-motorist limits, and Safeway's failure to remit that amount was tantamount to bad faith. That position, however, ignores the fact that Kimbrough’s mere submission of the claimed damages fails to demonstrate that he is “ ‘legally entitled to recover [them].’ ” Ex parte State Farm Mut. Auto. Ins. Co., 893 So.2d 1111, 1115 (Ala. 2004) (quoting Ala.Code 1975, § 32-7-23).

. In fact, given the unresolved nature of those issues, Safeway maintains, contrary to the conclusion reached by the main opinion, that it was merely awaiting additional information from Kimbrough and that it has not actually denied Kimbrough's claim for uninsured-motorist benefits. Petition, at p. 6.

. The main opinion attempts to distinguish Pontius as involving "a known driver” as opposed to the "phantom driver” in the instant case. I see no meaningful distinction because, as Kimbrough acknowledges, ”[u]nder Alabama law, a driver who flees the scene of a wreck is presumed uninsured.” Kimbrough’s brief, at p. 9 (citing State Farm Fire & Cas. Co. v. Lambert, 291 Ala. 645, 285 So.2d 917 (1973)). Further, ”[u]nknown phantom drivers ... are included within the definition of an uninsured motorist.” Walker v. GuideOne Specialty Mut. Ins. Co., 834 So.2d 769, 772 (Ala.2002) (citing Criterion Ins. Co. v. Anderson, 347 So.2d 384 (Ala.1977)).

. The insurance carriers in both Safeway and the underlying litigation filed dismissal motions pursuant to Rule 12(b)(1), Ala. R. Civ. P. I see nothing in the motion presently before us suggesting, as the main opinion concludes, that Safeway, in any way, relied on Rule 12(h)(3), Ala. R. Civ. P.