ROBERTSON, Judge.
This is an appeal from a summary judgment in favor of David G. Bronner, CEO, Employees’ Retirement System of Alabama (Bronner).
In May 1989, Hubert M. Norris filed the original complaint, alleging that Bronner refused to allow him to transfer into the Employees’ Retirement System (ERS). He requested that Bronner be enjoined from precluding his transfer and that Bronner accept his application to transfer into the ERS. Bronner answered that Norris was prohibited from participation in the ERS and subsequently filed a motion for summary judgment and a supporting memorandum. Norris filed an opposition to Bron-ner’s motion and a cross-motion for summary judgment. After considering the evidence presented, the trial court determined that “there is no genuine issue of material fact and that defendants, David Bronner, et al., are entitled to summary judgment as a matter of law.” Norris appealed.
The dispositive issue is whether Norris, a sheriff who elected to withdraw from ERS and participate in the sheriffs’ supernumerary retirement plan approximately nine *653 years earlier, may now transfer back into the ERS plan.
The law regarding summary judgment is well established. As provided by Rule 56, Alabama Rules of Civil Procedure, summary judgment, which serves to test the sufficiency of the evidence, is proper when the trial court determines that there is no genuine issue of material fact, and the moving party, who bears the burden of proof, is entitled to judgment as a matter of law. Further, the reviewing appellate court must apply the same standard utilized by the trial court when reviewing an entry of summary judgment. Head v. Thistle Construction Co., [Ms. 7123, December 13, 1989] (Ala.Civ.App.1989).
The pertinent facts are as follows. Norris served as sheriff of Fayette County from approximately June 1974, until May 1989. He participated in ERS from approximately June 1975, until June 1980, when he elected to participate in the supernumerary sheriffs’ program as provided by § 36-22-60, Ala.Code 1975. Norris then withdrew from ERS and requested a refund of his contributions to ERS, plus interest; his refund was approximately $4000.
In March 1989, Norris became aware of the grand jury’s recommendation of impeachment proceedings against him as well as possible prosecution by the United States for misuse of his office. He then sought to “transfer” back to ERS. Pursuant to a plea agreement, Norris pleaded guilty to certain charges, resigned from office effective May 4, 1989, and received a federal sentence. His attempted transfer back to ERS was not accepted, and he filed this proceeding on May 3, 1989.
Norris contends that § 36-22-64, Ala. Code 1975, allows him an absolute right to elect to participate in the ERS benefit plan. He cites no authority, other than that statute, to support his contention. That statute, which falls within Article Three, entitled “Supernumerary Sheriffs,” provides:
“If any sheriff is eligible for retirement benefits under any other county, state or municipal retirement plan or act, then, in that event, he shall elect the plan or act in which he desires to participate and shall so notify the proper authority within 60 days after he becomes eligible for any payments under this, article.”
This statute provides for an election of retirement plans when a sheriff is eligible for other county, state, or municipal retirement plans, in addition to the supernumerary sheriff’s plan and has no application to the facts in this ease.
The ERS is a benefit pension plan created and governed strictly by statute. §§ 36-27-1 et seq., Ala.Code 1975. We note that § 36-27-ll(h), Ala.Code 1975, allows an employee who withdraws funds from ERS, as Norris did in 1980, to restore that credit, but only after, returning to ERS and completing two years of contributing membership services. We find no provision, statutory or otherwise, allowing transfer of retirement funds and credit from the supernumerary sheriffs’ plan to ERS similar to the provision allowing transfer for teachers. § 36-27-12 Ala. Code 1975. Therefore, we find the trial court was correct in its determination that there was no genuine issue of material fact and that Bronner is entitled to summary judgment as a matter of law. Accordingly, this case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.