ROBERTSON, Presiding Judge.
Following an administrative hearing, the Board of Control of the Employees’ Retirement System of Alabama (ERS) denied Roy Snead, Jr.’s request that he be allowed to draw retirement benefits. Snead subsequently filed a declaratory judgment action against ERS, alleging that its decision regarding his application for retirement benefits was discriminatory and a denial of due process. Snead requested, inter alia, that the trial court issue a declaratory judgment setting aside ERS’s decision and requiring it to pay all retirement benefits which he claimed were due him.
ERS answered Snead’s complaint and subsequently filed a motion for summary judgment with the trial court. Thereafter, Snead filed a cross-motion for summary judgment. After considering the evidence, which included the parties’ factual stipulations, the trial court found Snead’s claim for benefits to be without merit and entered a summary judgment against Snead and for ERS. Snead appeals.
Summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.; Norris v. Bronner, 565 So.2d 652 *933 (Ala.Civ.App.1990). The material facts in this case were undisputed; thus, the question on appeal is whether ERS was entitled to a judgment as a matter of law or whether Snead was entitled to a summary judgment.
The facts reveal that originally Snead began contributing to, and participating in, ERS while employed as a deputy sheriff for Calhoun County. After 1970, he participated in ERS while holding elected office as sheriff of Calhoun County. Between September 1970 and November 1990, Snead was elected and reelected to the office of sheriff for six consecutive four-year terms.
In 1985 members of a group known as the Taxpayers’ Defense Fund (TDF) filed suit in the Montgomery County Circuit Court, seeking to enjoin ERS from allowing elected state, county, and municipal officers to participate in ERS. TDF contended that participation by these officials in ERS was in direct contravention of art. IV, § 98, of the Alabama Constitution, which provides that “[t]he legislature shall not retire any officer on pay, or part pay, or make any grant to such retiring officer.”
On October 1, 1985, in resolution of the TDF lawsuit, the Circuit Court of Montgomery County, pursuant to an agreement between ERS and TDF, entered a consent decree. The consent decree provided as follows:
“1. Those elected officers presently covered and contributing to the System [i.e., ERS] who would be properly participating in the System but for Section 98 of the Constitution of Alabama shall continue participating in the System as do non-elected employees, subject to the statutes, rules and regulations applicable to the System, as if this lawsuit had never been filed.
“Should any such officer leave elective office, he or she will not again be allowed to participate in the System as an elected officer ... following an interruption of service as an elected officer(Emphasis added.)
Malcolm S. Brassell, et al. v. Dr. David Bronner, Civil Action No. CV-85-1089-G, Circuit Court of Montgomery County.
Snead was serving in his fourth term as sheriff of Calhoun County on October 1, 1985, the date on which the consent decree was entered, and he elected to continue to participate in ERS as a non-elected employee. The following November, he was elected to his fifth term, which officially began in January 1987. In November 1990, Snead was again reelected to a term of office to begin in January 1991.
Snead had been eligible to retire for some time, and in December 1990 he had over twenty-eight years of creditable service in ERS. On December 28, 1990, Snead delivered to Governor Guy Hunt a letter, in which he resigned from the remaining term of the office of sheriff that had commenced in January 1987. Also on December 28,1990, Snead filed with ERS an application “to retire” and to receive retirement benefits, effective February 1, 1991. See § 36-27-16(a)(1)(c), Ala. Code 1975.
Snead contended that, pursuant to the language of the consent decree entered by the circuit court on October 1, 1985, he was eligible to retire, to draw retirement benefits, and to return to his next elected term as sheriff by creating an “interruption of service as an elected officer.” Because he would be ineligible to further participate in ERS as a non-elected employee, Snead argued that he was entitled to begin drawing his retirement benefits. Snead maintained that when his new term as sheriff commenced on January 14, 1991, he would be a “non-covered elected official” within the meaning of the consent decree.
The record reflects that Snead did, in fact, vacate the office of sheriff at the end of the work day on December 28, 1990, that he did not perform the duties of that office for the final 16 days of his term, and that he was not paid for the time he was not in office. On January 14, 1991, Snead began serving the term of office as sheriff to which he had been last elected. Because Snead was holding the office of sheriff on February 1, 1991, the “retirement” date he had specified on his application to ERS, ERS denied his request to begin receiving benefits.
Because Snead relies on the terms of the October 1, 1985, consent decree as authority *934 for Ms entitlement to draw retirement benefits, Ms claim stands or falls on the question of whether the consent decree entitles him to the receipt of retirement benefits as a non-elected employee and to return as sheriff of Calhoun County after an interruption in service.
It is undisputed that sheriffs are elected officers within the meaMng of art. IV, § 98, of the Alabama Constitution, and, therefore, are not allowed to participate in ERS. Language in the preamble portion of the consent decree acknowledges the correctness of TDF’s contention that § 98 of the Alabama Constitution prohibits payment of retirement benefits to elected officers. However, the consent decree treated these elected officials as “non-elected employees,” allowing them to continue to participate in ERS and to draw retirement benefits upon reaching eligibility. By the literal terms of the consent decree, once Snead interrupted his service as an elected official, he was no longer eligible to participate in ERS.
While allowing elected officials to continue participation in ERS “as do non-elected employees,” the consent decree provided that a person having an “interruption in service” would not again be allowed to participate in ERS as an elected officer, this being in violation of the Alabama Constitution. The clear language of the order allowed then participating elected officials to continue participation in ERS “as do non-elected employees” and to receive retirement benefits upon reaching eligibility. “[T]he order has the force of 'law unless modified by the trial court, until it is modified or reversed on appeal, and ... [ERS] ... must comply with it.” Opinion of the Justices No. 338, 624 So.2d 107 (Ala.1993). Neither ERS nor TDF appealed the consent order.
It is undisputed that Snead was eligible to receive retirement benefits as a non-elected employee with over twenty-eight years of creditable service in ERS. It is also undisputed that an employee may retire from ERS and hold the elected office of sheriff without loss of retirement benefits. Rule 800-2-1-.09, ERS Administrative Rules, provides, in part:
“[A] person who is elected by the public to serve in elective office with the state or a political subdivision of the state, which office is not covered, shall not be considered to have returned to service....”
When Snead resigned and vacated the office of sheriff on December 28,1990, not only was he no longer eligible to participate M ERS as a non-elected employee, but the office of sheriff of Calhoun County was not, and could not, be covered by ERS. Snead had taken “an interruption of service as an elected officer1’ under the terms of the 1985 consent order. He had over twenty-eight years of service in ERS and was eligible to draw his retirement benefits. When Snead began his term of office as sheriff on January 14, 1991, he was not restored to active service; he could not acquire any additional retirement benefits; and his service as sheriff would not impact ERS; therefore, ERS was without authority to deny Snead’s retirement benefits. Employees’ Retirement System of Alabama v. Nesmith, 644 So.2d 938 (Ala.Civ.App.1993). ERS was, and is, bound by the terms of the October 1, 1985, circuit court order that ERS consented to and wherem ERS sought to keep people like Snead participating in ERS even though contrary to the Alabama Constitution. Opinion of the Justices No. 338, supra.
We hold that the trial court erred in deter-mirnng Snead’s claim to be without merit and in its entry of summary judgment for ERS. The judgment of the trial court is reversed, and, since the material facts in this case are undisputed, this cause is remanded for an entry of summary judgment in favor of Snead.
REVERSED AND REMANDED WITH DIRECTIONS.
THIGPEN and YATES, JJ., concur.