MADDOX, Justice.
We granted the petition for writ of certio-rari filed by the Employees’ Retirement System of Alabama, its secretary-treasurer, and its board of control, to review the judgment of the Court of Civil Appeals that allowed Sheriff Roy C. Snead, Jr., to draw retirement benefits while continuing to serve as sheriff of Calhoun County.
Because the facts of this case are rather unique and are critical to our holding, we set forth a chronological listing of those facts we find significant:
1. At the time of the consent order in Malcolm S. Brassell, et al. v. Dr. David Bronner as secretary-treasurer, Employees’ Retirement System of Alabama (CV-1089, Montgomery Circuit Court, October 1, 1985), Sheriff Snead was an elected official participating in the Employees’ Retirement System (ERS).
2. Pursuant to the Brassell consent order, Snead elected not to withdraw from participation in the ERS, but continued to participate in the system.
3. In November 1990, Snead was elected to another term of office as sheriff of Calhoun County, to begin on January 14, 1991, making him both current sheriff and sheriff-elect.
*936 4. On December 4, 1990, Snead took his oath of office and posted the bond for his term of office to begin in January 1991.
5. On December 28, 1990, Snead delivered to Governor Guy Hunt a letter of resignation for the final 16 days of his 1987-1991 term of office. The letter made it clear that Snead was not resigning from his 1991-1995 term set to begin on January 14, 1991.
6. On December 28, 1990, Snead wrote a letter to the Calhoun County Commission, requesting that all contributions to the ERS on his behalf be discontinued following the December 28, 1990, payroll.
7. On December 28, 1990, Snead filed an application for retirement with the ERS, the retirement to be effective February 1, 1991.
8. At midnight on the night of December 28, 1990, Snead removed his possessions from his office and turned over the duties of sheriff of Calhoun County to the county coroner.
9. On January 14, 1991, Snead returned his possessions to his office and began serving the term of office to which he had been elected in November 1990.
10. On February 1, 1991, the date Snead had specified as his date of retirement on his retirement application, he was actively serving in his capacity as sheriff of Calhoun County.
For the following reasons, we hold that Sheriff Snead is currently unable to draw retirement benefits from the ERS: 1) The language of the Brassell consent order, on which Snead bases his contention that his 16-day “interruption of service” caused him to be ineligible to participate in (i.e., to contribute financially to) the ERS, does not prevent Snead from continuing to participate in the system. 2) We believe that Snead’s 16-day “resignation” or “unpaid leave,” at the very end of his January 1987-January 1991 term of office, which created his “interruption of service,” was insufficient under Alabama law to allow him to begin drawing retirement benefits from the ERS beginning February 1, 1991. Accordingly, we reverse the judgment of the Court of Civil Appeals and remand this cause with instructions for that court to affirm the summary judgment in favor of the ERS entered by the Montgomery Circuit Court.
In its opinion, Snead v. Employees’ Retirement System of Alabama, 644 So.2d 932 (Ala.Civ.App.1993), the Court of Civil Appeals quoted a key sentence in the Brassell consent order, but did not quote the language of that sentence in its entirety. The complete sentence is as follows: “Should any officer leave elective office, he or she will not again be allowed to participate in the System as an elected officer if he or she is later elected to office following an interruption of service as an elected officer.” (Emphasis added.) The portion of the consent order omitted by the Court of Civil Appeals sets forth the condition that if an elected official (participating in the ERS because of the Brassell consent order) leaves office, has an interruption in service, and is thereafter elected to an office, he becomes ineligible to participate in the ERS.
Regarding the second half of Snead’s argument, he contends that he “retired” as of February 1, 1991, and is entitled to receive retirement benefits effective that date. The Court of Civil Appeals agreed, quoting a portion of Rule 800-2-1-.09, Employees’ Retirement System Administrative Rules: “[A] person who is elected by the public to serve in elective office with the state or a political subdivision of the state, which office is not covered, shall not be considered to have returned to service....” The court reasoned that this rule allows a person serving in an elective office not covered by ERS participation to receive retirement benefits even while employed in that office. Based on its interpretation of this rule and the Brassell consent order, the court concluded that Snead could receive retirement benefits while continuing to serve as sheriff following his 16-day “interruption of service.”
A proper reading of the provisions of the Brassell consent order and the statute do not support Snead’s interpretation.
Based on the foregoing, we reverse the judgment of the Court of Civil Appeals and remand this cause to that court with instructions to affirm the trial court’s summary judgment in favor of the ERS.
*937 REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and ALMON, SHORES, STEAGALL, INGRAM; and COOK, JJ., concur.
HOUSTON, J., concurs specially.