On Application for Rehearing
The opinion of this court issued September 13, 2002, is withdrawn, and the following is substituted therefor.
James Lamar Hadden served as sheriff of Houston County from January 1983 to January 1995. As sheriff, Hadden was not entitled to participate in the Employees' Retirement System of Alabama ("ERS"); instead, he made payments to the county's supernumerary plan. See Ala. Code 1975, § 36-22-61. Houston County has since begun participating in ERS. Before he was sheriff, Hadden was an agent of the Alabama Alcoholic Beverage Control Board ("ABC") from November 1961 to April 1982. During that time, Hadden made contributions to the ERS. When he retired from that position in 1982, Hadden began to draw retirement benefits from the ERS. Hadden had also previously served as a deputy sheriff for three years and nine months; during this time, Hadden did not make contributions to the ERS.
In January 1995, Hadden requested appointment as a supernumerary sheriff pursuant to Ala. Code 1975, § 36-22-60, et seq., which permits a sheriff having 12 years of experience as a sheriff and a total of 16 years of law-enforcement experience to be appointed as a supernumerary sheriff and participate in the supernumerary plan. Hadden had served 12 years as sheriff, as required by the statute. He also had three years and nine months of credit as a deputy sheriff. However, to qualify for supernumerary status, Hadden had to purchase prior service credit from his service as an ABC agent; that service credit had been used to calculate his ERS retirement benefit.
When Hadden retired from his position as an ABC agent, he drew retirement benefits from the ERS. After he was elected as sheriff, he continued, for a time, to draw retirement benefits. In May 1985, the board of control of ERS (the board and ERS are referred to hereinafter collectively *Page 1167 
as "ERS") suspended Hadden's benefits on the basis that he was elected to the sheriff's office. Hadden requested the ERS to reconsider the suspension of benefits, and the ERS reinstated Hadden's benefits on the basis of an administrative exception to Ala. Code 1975, § 36-27-16(e)(1),[1] which required the suspension of retirement benefits if a retiree returned to active service.
In 1994, the Alabama Supreme Court decided Ex parte Employees'Retirement Systems of Alabama, 644 So.2d 943 (Ala. 1994), which involved the issue whether the ERS could suspend the retirement benefits of a retired state trooper who desired to become an investigator for a municipal police department. The retiree "would not have acquired any additional retirement benefits" by virtue of his employment. Ex parteEmployees' Ret. Sys. of Alabama, 644 So.2d at 945. The court considered the meaning of "restored to active service" and concluded that it encompassed employment by any employer that participates in the ERS, even if the retiree would not accrue additional retirement benefits by virtue of the employment. Id. In doing so, the court disapproved of the ERS's administrative regulation permitting the payment of retirement benefits to elected officials on the basis that such individuals were not considered to have returned to active service. Id. at 947. The administrative regulation, the court concluded, was an unlawful attempt to legislate. Id.
After the court decided Ex parte Employees' Retirement System ofAlabama, ERS and the elected officials directly affected by the abrogation of the administrative regulation sought the aid of the Legislature, and the administrative rule, in large part, found embodiment in Ala. Code 1975, § 36-27-8.2. Section 36-27-8.2(b), as originally enacted in 1995,[2] read as follows:
 "(b) Any person who has retired from the Employees' Retirement System may serve for compensation in an elected public office with the state, a county, or an incorporated municipality if the public office is not covered by the Employees' Retirement System."
Because some elected officials chose, after the Supreme Court's decision in Ex parte Employees' Retirement Systems of Alabama, either to serve without pay or to have their retirement benefits suspended, the Legislature enacted a provision allowing repayment of those moneys. See
Ala. Code 1975, 36-27-8.2(e).[3] That section, as enacted in 1995, read as follows:
 "(e) Any person retired from the Employees' Retirement System who is receiving a retirement allowance or optional benefit and who, in order to continue receiving his or her retirement allowance or optional benefit, waived his or her salary as an elected official pursuant to Section 36-6-10, on or after October 24, 1994, and continued service in the elected office without compensation, may apply for and shall be reimbursed the total amount of the waived compensation *Page 1168 
and his or her salary shall be restored to the level of his or her salary prior to the waiver. Any person retired from the Employees' Retirement System who is receiving a retirement allowance or optional benefit and who, in order to continue receiving compensation for services as an elected or appointed official of the state, a county, or an incorporated municipality, suspended his or her retirement allowance or optional benefit on or after October 24, 1994, may apply for and shall be reimbursed the total amount of the suspended retirement allowance or optional benefit."
§ 36-27-8.2(e).
By the time § 36-27-8.2 took effect in June 1995, Hadden had retired from his position as sheriff and had been appointed supernumerary sheriff. In April 1995, ERS suspended Hadden's benefits because he was now serving as an appointed official.[4] Based on ERS's interpretation of the statutes establishing the office of supernumerary sheriff and of § 36-27-8.2, Hadden did not qualify for the payment of retirement benefits as an elected official and he had been restored to active service as an appointed official.
Hadden sued ERS in October 1999, arguing that his retirement benefits had been unlawfully suspended. Hadden argued that he was entitled, pursuant to § 36-27-8.2(e) (now § 36-27-8.2(d)), to have his retirement benefits restored because (1) he had been receiving retirement benefits since July 1985, (2) his retirement benefits were suspended after October 24, 1994, and (3) he had been receiving compensation for his services as an "appointed official of the state."
In response, ERS argued that Hadden's retirement benefits had been properly suspended because Ala. Code 1975, § 36-27-16(e)(1) (now § 36-27-16(e)), required the suspension of the retirement benefits of a retiree "restored to active service." ERS pointed out that while § 36-27-8.2(b) allows elected officials to receive retirement benefits while serving in an elective office, the statute did not provide such an exception for appointed officials. The provisions of § 36-27-8.2(e) (now § 36-27-8.2(d)), according to ERS, did not apply to Hadden because he was not currently receiving retirement benefits based on his restoration to active service. ERS also explained that the purpose of subsection (e) was to repay retirement benefits suspended during the period after Ex parte Employees' Retirement System of Alabama was decided to the effective date of the statute. In addition, ERS argued that the supernumerary sheriff statute required Hadden to elect coverage under either the supernumerary plan or another retirement plan such as ERS.See Ala. Code 1975, § 36-22-64.[5]
The trial court heard arguments and received several exhibits. In its judgment, the trial court found that ERS had paid Hadden's retirement benefits while Hadden served as sheriff and concluded that *Page 1169 
ERS was estopped from suspending Hadden's retirement benefits on the basis of his appointment as a supernumerary sheriff. The court stated that it could "[f]ind no rational basis for [ERS] to previously rule that [Hadden could] draw his state retirement benefits and his sheriff's salary, but now deny him his state retirement benefits because he is drawing his supernumerary sheriff's pay." The court also concluded that § 36-27-8.2(e) applied to Hadden; thus, ERS was required to repay to Hadden his suspended retirement benefits.
ERS appealed the judgment to the Alabama Supreme Court, which transferred the case to this court pursuant to Ala. Code 1975, § 12-2-7(6). Because the trial court heard no oral testimony and instead decided the issue on arguments of counsel, stipulated exhibits, and post-trial briefs submitted by the parties, no presumption of correctness attaches to the trial court's judgment. See Whitehead v. Hester,512 So.2d 1297 (Ala. 1987); see also Perdue v. Roberts, 294 Ala. 194,197, 314 So.2d 280, 282 (1975) (stating that "the facts being virtually without dispute, we will now proceed to apply the law to the facts"). Based on our review of the law and its application to the facts presented, we reverse the judgment of the trial court.
The trial court based its judgment primarily on the principle of estoppel, essentially holding that because ERS had paid Hadden retirement benefits while he was an elected sheriff, it could not suspend his retirement benefits once he was appointed supernumerary sheriff. However, our supreme court has stated that the principle of "estoppel is to be applied against a governmental entity only with extreme caution or under exceptional circumstances." State Highway Dep't v. Headrick OutdoorAdver., Inc., 594 So.2d 1202, 1204 (Ala. 1992). "`The doctrine of equitable estoppel is not a bar to the correction . . . of a mistake of law.'" Headrick Outdoor Adver., 594 So.2d at 1205 (quoting First Nat'lBank of Montgomery v. United States, 176 F. Supp. 768, 772 (M.D.Ala. 1959) (quoting in turn Automobile Club of Michigan v. Commissioner,353 U.S. 180, 182 (1957))) (emphasis omitted). Our supreme court has stated that a governmental entity cannot be "`estopped by doing that which [it has] no authority to do.'" Headrick Outdoor Adver.,594 So.2d at 1205 (quoting Ex parte Fields, 432 So.2d 1290, 1293 (Ala. 1983)). The court further explained that the principle of estoppel cannot be utilized to authorize a government entity to do something that it does not have the authority to do. Id.
Indisputably, ERS paid Hadden retirement benefits while he served as an elected official, first pursuant to an administrative regulation, then pursuant to § 36-27-8.2(b). Even though the original payments, made pursuant to an administrative regulation that the Alabama Supreme Court later declared an unlawful attempt to legislate, were "illegal," ERS could not be estopped from suspending Hadden's payments based on those prior payments. See Headrick Outdoor Adver., 594 So.2d at 1205. Any payments made to Hadden pursuant to § 36-27-8.2(b) while he was an elected sheriff were properly made and cannot have served as a basis for the application of the principle of estoppel. The trial court's judgment estops ERS from complying with the law, which is not a permissible use of the doctrine. Id.
The trial court, as an alternative basis for its judgment, concluded that § 36-27-8.2(e) applied to Hadden and that it required ERS to reimburse Hadden for the retirement payments it had suspended between April 1995 and the present. Our reading of the statute compels us to *Page 1170 
conclude otherwise. Although the statute does require ERS to reimburse suspended retirement benefits, it requires ERS to repay benefits only to a retiree who is presently receiving retirement benefits, or in other words, a retiree who is presently qualified to receive retirement benefits. Hadden did have his retirement benefits suspended; however, under the current statute, he is not presently receiving benefits, nor is he presently qualified to receive benefits. He has "returned to active service" by being employed by an employer participating in ERS and, pursuant to § 26-27-16(e)(1), his benefits were suspended. Hadden is an appointed official, not an elected one, so he does not qualify to continue receiving benefits pursuant to § 36-27-8.2(b). Accordingly, we conclude that § 36-27-8.2(e) does not support the trial court's judgment awarding Hadden reimbursement of his suspended retirement allowance.
ERS raises other grounds for the reversal of the trial court's judgment. Because we have determined that the statutes discussed above are dispositive of the issue, we need not address whether Hadden was required to elect between the supernumerary plan or the ERS pursuant to Ala. Code 1975, § 36-22-64, or whether Hadden was entitled to credit in both ERS and the supernumerary plan for the same period of service.
OPINION OF SEPTEMBER 13, 2002, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; REVERSED AND REMANDED.
Thompson and Pittman, JJ., concur.
Yates, P.J., concurs in the result.
[1] Effective October 1, 1998, § 36-27-16 was amended and subdivision (e)(1) was redesignated subsection (e). The amendment made a few other changes that do not impact its application here.
[2] Section 36-27-8.2 was amended effective May 23, 2000, by Act No. 2000-713, Ala. Acts 2000. The amendment made substantial additions to subsection (b).
[3] Before its amendment in May 2000 (see note 2), the subsection was designated subsection (e); the 2000 amendment made significant changes to subsection (a) of the statute, deleted subsection (c), and redesignated subsections (d) and (e) as (c) and (d). The language quoted here is now found in § 36-27-8.2(d).
[4] The law in Alabama is clear that a supernumerary plan is not a retirement plan. See James v. Thompson, 392 So.2d 1178, 1180 (Ala. 1981); see also Johnson v. Board of Control of the Employees' Ret. Sys.of Alabama, 740 So.2d 999, 1003 (Ala. 1999).
[5] Section 36-22-64 reads:
 "If any sheriff is eligible for retirement benefits under any other county, state or municipal retirement plan or act, then, in that event, he shall elect the plan or act in which he desires to participate and shall so notify the proper authority within 60 days after he becomes eligible for any payments under this article. It is further provided, however, that such election shall not affect any such person's entitlement to benefits under the provisions of Article 4 of Chapter 21 of this title."